## MIDDLESWART v WHITING

Ohio Appeals, 4th Dist, Washington Co

Decided Oct. 9, 1929

R. M. Noll, Marietta, for Middleswart.
C. D. Fogle, for Whiting.

**MAUCK, J.**

It is vigorously urged that no negligence on the part of the defendant was established and that if any were established that such negligence was not the proximate cause of the boy's injury but that his injury was rather due to his own careless running in front of the defendant's machine. It is impossible to ascertain the exact facts. The plaintiff, however, made a case for the jury. There is evidence tending to show that the defendant was driving at an excessive speed, considerably beyond the rate fixed by law as establishing a prima facie case of unlawful speeding. While the greater number of witnesses testified to the contrary, the jury may have believed that the defendant was driving at a negligent rate of speed and if it so believed it may well have found that the negligence in that respect proximately caused the plaintiff's injury. The plaintiff testifies that he was standing on the wagon driven by his father and the jury might well have found that if the defendant had been moving more slowly the plaintiff might either have seen the approaching machine and avoided the injury or the defendant might have had his car under such control that he could have either avoided the collision altogether or have inflicted much less injury than he did. That the defendant was guilty of negligence in some way is strongly supported by his failure to stop his car within a reasonable distance after the collision. The fact that he proceeded for something like 170 feet after striking the boy warranted the jury in believing that he was going at a negligently rapid rate or that his brakes were not operating effectively. The evidence further tended to show, and this too is strongly disputed, that the wagon upon which the plaintiff was riding was right up against the curb on the right hand side of the street, and that the defendant in order to avoid some rough places in the street on his right side was driving in the middle of the street and right next to the wagon upon which the plaintiff had been riding. If the jury took this view of the case it may well have found that the defendant was negligent altho he was travelling much less than tweny five miles an hour because it may have found that in view of the fact that he was in the center of the street he was bound to go much more slowly in order that just such an accident as happened might be prevented. All these were matters properly submitted to the jury and we have no inclination to disturb the findings it has made.

The plaintiff in error also urges that error intervened because of the use or misuse of a memorandum taken from the files of the police department of Marietta relating to the accident. This memorandum was first admitted but later the court properly held it to be incompetent.. Notwithstanding the court's ruling it appears that counsel for the plaintiff in the course of his argument said this:

"Lieutenant Mills gave testimony on that stand which is before the jury in these words: 'They went out to adjust the matter among themselves'."

The defendant objected to this and the objection was overruled. The objection ought to have been sustained. Lieutenant Mills did not testify that the parties went out to adjust the matter but only testified that he told them to go out and adjust the matter, and there was no evidence in the case that they had gone out to adjust the matter themselves except that the memorandum which had been ruled out stated: "Parties will adjust matters theirselves". While, therefore, the argument complained of was improper and defendant's objection ought to have been sustained, we can not find that it was so prejudicial as to justify a reversal. Indeed, we can not see that any prejudice resulted at all.

A more serious question arises in the examination by plaintiff's counsel of prospective jurors on their voir dire. The jurors were asked whether they were interested in any insurance company insuring owners of automobiles against liability. To this the defendant objected and the objection was overruled. The action of the trial court in overruling the objection was authorized and required by the doctrine of **Pavilonis vs Valentine, 120 OS. 154; 165 N. E. 730.** By the Pavilonis case it was finally and definitely determined in this state that it is not error to inquire of a prospective juror regarding his possible interest in or relation to the casualty insurance company. Everyone realizes the difficulties in such a situation as this. The plaintiff has an undoubted right to ascertain the possible interest of prospective jurors in the outcome of the litigation in which they are to sit. Everyone also realizes or ought to realize the impropriety of surreptitiously giving to the jury the idea that a verdict for the plaintiff will in the last instance fall upon some insurance company rather than upon their neighbor, the nominal defendant. In a comprehensive note to **Jessup v. Davis, 56 A. L. R. 1403**, it is said on page 1529 that while the general rule is that the jurors may be inquired of as they were in this case nevertheless

"The rule is qualified by the requirement of good faith and honest purpose on the part of the plaintiff's attorney."

In the case at bar James Whiting, the father of the plaintiff, testified that the defendant said "that he belonged to an insurance company. This answer was not elicited. however from any question propounded by plaintiff's counsel but in response to the questioning of the defendant's counsel, and the court properly

charged the jury to give no consideration to the fact thus brought out. The worst feature of the case arose on the cross examination of Mrs. Harris. The plaintiff was properly seeking to show that the witness had made statements to others in regard to what she saw at the time of the accident. This question was put to her:

"Then didn't you later make a statement for the adjuster who called at your home?"

Objection was made to the use of the word adjuster. It was sustained and upon motion of the defendant the court directed the jury to disregard the term. Thereupon the defendant moved to withdraw a juror and direct a mistrial, and this was overruled. The witness then proceeded to testify that the written statement she had made was to an insurance man. It thus happens that it appeared to the jury beyond any doubt that the case at bar was one in which the defendant was protected by liability insurance. If it were clear that this information reached the jury solely because counsel for the plaintiff used the word adjuster when he could easily have avoided doing so we would be constrained to the view that the verdict had been tainted by such misconduct. It was, however, brought out, as we have already indicated, by the cross examination of the defendant that an admission of Mr. Middleswart to this effect was testified to by Mr. Whiting. While, therefore, we have no disposition to condone the action of counsel for the plaintiff in emphasizing the relation between the parties by using the word adjuster, it appears that the jury was so otherwise acquainted with the fact that the impropriety in this respect resulted in the jury securin~ no added information.

We find no prejudicial error in the case and the judgment is consequently affirmed.

Middleton, PJ, concurs. Blosser, J, not sitting.